# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2019
(**Not to be published**)

```
* * * * * * * * * * * * * *
JODI FISKE,                       *
                                  *    No. 17-1378V
            Petitioner,           *
                                  *
v.                                *    Special Master Oler
                                  *
SECRETARY OF HEALTH               *    Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,               *    Duplicative Billing;
                                  *    Administrative Tasks.
            Respondent.           *
* * * * * * * * * * * * * *
```

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

      On September 28, 2017, Jodi Fiske ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she developed small fiber neuropathy as a result of her receipt of the influenza ("flu") vaccination on September 29, 2014. *See* Petition ("Pet."), ECF No. 1. Petitioner now requests an award of interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **Accordingly, this decision will be accessible by anyone with access to the internet.** In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

## I.     The Instant Motion

On October 26, 2018, Petitioner filed an application for interim attorneys' fees and costs ("Interim Motion"), requesting $19,645.60 in attorneys' fees for her counsel of record, F. John Caldwell, Jr. of Maglio Christopher & Toale, PA ("MCT"), and $1,049.41 in attorneys' costs, for a total of $20,685.01. *See* Interim Motion, ECF No. 25 at 2; *see also* Exs. 14-18, contained as attachments to ECF No. 71. A review of the Interim Motion reflects that Petitioner herself has not borne any out-of-pocket expenses up to this point in the litigation. *See generally* Interim Motion.

Respondent filed a response to Petitioner's Interim Motion on November 5, 2018. Respondent's Response, ECF No. 26. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," but he "respectfully requests that [I] exercise [my] discretion and determine a reasonable award" for interim attorneys' fees and costs. *Id.* at 2-3. On November 7, 2018, Petitioner filed a response in opposition to Respondent's position to defer to the Special Master. ECF No. 27. In it, she requested that attorneys' fees and costs be paid without reduction in the absence of any specific objections from Respondent. *Id.*

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's Interim Motion, awarding **$17,087.99** in attorneys' fees and **$1,049.41** in costs, for a total of **$18,137.40**.

## II.     Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). Mr. Caldwell is no longer counsel of record in this case and Petitioner's current counsel does not practice within the same firm. Thus, I find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for both Mr. Caldwell and Petitioner's current counsel.

## III.   Reasonable Attorneys' Fees

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for the claim. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim fees and costs, I will award Petitioner's reasonable interim attorneys' fees and costs in this instant decision.

While Respondent did not contest the billing rate or specific entries, the special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 303 (2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### A.   Requested Hourly Rates

Petitioner requests compensation for her attorneys, Mr. John Caldwell and Mr. Altom Maglio. Petitioner requests the following hourly rates for work performed by Mr. Caldwell and Mr. Maglio from 2017 to 2018:

|      | Mr. Caldwell | Mr. Maglio |
|------|--------------|------------|
| 2017 | $367.00      | $362.00    |
| 2018 | $391.00      | n/a        |

Petitioner also requests that paralegals of MCT be compensated for work performed from 2017-2018 at rates varying from $145.00 per hour to $148.00 per hour, based on the year and the individual paralegal. *See* Ex. 14 at 14.

### B.   Hourly Rates Awarded

#### i.   Mr. Caldwell and Mr. Maglio

Mr. Caldwell's requested hourly rate for work performed in 2017 has been previously found to be reasonable by several special masters and, therefore, will be awarded in full. Mr. Caldwell's

3

requested hourly rate for 2018, however, has been rejected by special masters on numerous occasions. *See Decker v. Sec'y of Health & Human Servs.*, No. 16-1104V, 2018 WL 7316271 (Fed. Cl. Spec. Mstr. Nov. 13, 2018); *Roetto v. Sec'y of Health & Human Servs.*, No. 16-0018V, 2018 WL 3031026 (Fed. Cl. Spec. Mstr. Mar. 29, 2018); *Paul v. Sec'y of Health & Human Servs.*, No. 16-0468V, 2018 WL 4611404 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); *Richardson v. Sec'y of Health & Human Servs.*, No. 15-0053V, 2018 WL 6521310 (Fed. Cl. Spec. Mstr. Oct. 22, 2018).  In her reasoned decision in *Roetto*, Chief Special Master Dorsey calculated and awarded Mr. Caldwell's hourly rate for 2018 at $385.00.  Subsequent decisions have rejected Mr. Caldwell's repeated requests for an hourly rate of $391.00, instead consistently awarding $385.00.  As such, I reduce Mr. Caldwell's requested hourly rate for 2018 to $385.00.

Mr. Maglio's requested rate of $362.00 for 2017 has been previously awarded, and, thus, I award it in full.

### ii.  Paralegal rates

MCT's paralegal hourly rates range, as listed above, has been previously found reasonable. *See Ritchie v. Sec'y of Health & Human Servs.*, No. 16-514V, 2018 WL 2224203 (Fed. Cl. Spec. Mstr. Mar. 23, 2018).  Accordingly, I award the requested hourly rates for MCT paralegals in full.

### iii.  Summary of Hourly Rates Awarded

In light of the above, the hourly rates to be awarded in this instant application are as follows:

|       | Mr. Caldwell | Mr. Maglio |
|-------|--------------|------------|
| **2017** | $367.00 | $362.00 |
| **2018** | $385.00 | n/a |

Accordingly, Petitioner's requested 2018 hourly rate for Mr. Caldwell has been reduced, and the requested hourly rates for Mr. Maglio and MCT paralegals are awarded in full.

## C.  Reduction of Billable Hours

### i.  Mr. Caldwell and Mr. Maglio

Petitioner requested $108.60, representing 0.3 hours, for work performed by Mr. Maglio in 2017.  I find the work performed and the hours expended are reasonable and, thus, award Mr. Maglio's requested hours in full.

In the one year he worked on the case, Mr. Caldwell invoiced for a total of 36.9 hours, representing 19.5 hours for work performed in 2017 and 17.4 hours for work performed in 2018. Ex. 14 at 14.  I find that the majority of Mr. Caldwell's billing was reasonable.  However, I find Mr. Caldwell excessively billed for review of the Respondent's Rule 4(c) Report. Ex. 14 at 12-13.  On August 27, 2018, Mr. Caldwell initiated his "receipt and review of [Respondent's] Rule 4 report" and his "review [of the] file and medical records in light thereof." *Id*. at 12.  He spent 2.4 hours on

that date and continued his review on August 30, 2018, billing another 3.6 hours.  In total, he invoiced 6 hours on those two dates for reviewing the medical records and conducting research in light of Respondent's position.

On September 20, 2018, Mr. Caldwell again invoiced for a review of the Rule 4(c) Report and case materials, requesting an additional 4.9 hours.  On that same date, Mr. Caldwell spoke with Petitioner regarding the "case status and ongoing handling" and emailed possible superseding counsel.  The next day, his paralegal, Ms. Tammie Olagbaju, emailed Petitioner regarding a General Order #9 statement for this Interim Motion.  On September 27, 2018, Petitioner filed a status report, indicating that Mr. Caldwell was withdrawing as counsel from this matter.  I find it unreasonable for Mr. Caldwell to 1) repeat his review of the Rule 4(c) Report on September 20, 2018, and 2) conduct any substantive work when it was clear he intended to withdraw as counsel.  For these reasons, I reduce Mr. Caldwell's 2018 hours awarded by **4.9 hours**.

Accordingly, I reduce Mr. Caldwell's hours requested in 4.9 hours, resulting in an award of **19.5 hours in 2017** and **12.5 hours in 2018**.

### ii.  MCT Paralegals

Petitioner requested a total of $5,567.10 for the work completed by MCT paralegals. Ex. 14 at 14.  Based on my review of the billing records submitted with Petitioner's Interim Motion (*see generally* Ex. 14), I find that the MCT firm paralegals billed hours that I consider "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  Specifically, on several occasions, the paralegals of MCT invoiced for completing administrative tasks such as updating case files, noting case deadlines, organizing client files, and forwarding correspondence.  Moreover, many of the billing entries also reflect instances of block billing, wherein the paralegals of MCT billed for multiple tasks in a single entry, thus often comingling time that is not compensable with time that is compensable.  For such entries, it is impossible to determine the precise portion of the time billed that should be compensated.  I note that it is counsel's burden to document the fees claimed. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 29, 2009); *see also Broekelschen v. Sec'y of Health & Human Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing).  Indeed, the Vaccine Program's *Guidelines for Practice* state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task.  Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[3]

I additionally find that the billing invoices reveal some instance of duplicative review.  In

---

[3] *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 67 (revised Nov. 5, 2018) found at:
https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf (last visited on March 27, 2018).

both years, MCT assigned three to four paralegals to the matter, requiring at least three paralegals and at least one attorney to continuously review and stay abreast of the case.  It has been a long-standing practice in the Vaccine Program to reduce attorneys' fees for such similar duplicative billing entries. *See, Z.H. v. Sec'y of Health & Human Servs.*, No. 16-123V, 2018 WL 1835210, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2018) (reducing fees where "[m]ultiple attorneys reviewed the same orders and notifications and all billed time for doing so").

Accordingly, I will reduce the total fees requested by MCT paralegals by 10%.

### iii.  Summary of Hours Awarded

For the reasons outlined above, I will reduce the total award of Petitioner's requested attorneys' fees.  I reduce Mr. Caldwell's hours for 2017 by 1.8 hours and for 2018 by 5.5 hours.  This results in an award of 19.5 hours in 2017 and 12.5 hours in 2018, for a total of **$11,969.00**.  I did not reduce Mr. Maglio's requested fees and, therefore, award the full **$108.60.**

Further, I reduce the fees requested by MCT paralegals by 10%, or $556.71.  This results in an award of **$5,010.39**.

Accordingly, Petitioner is awarded total attorneys' fees in the amount of **$17,087.99**.

## IV.    Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).  When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,049.41 in attorneys' costs. Ex. 15 at 2.  The requested costs herein can be sorted into two different categories: (1) expert costs and (2) miscellaneous costs, to include costs for obtaining medical records and mailing packages.  At the time of filing this present motion, Petitioner had not yet incurred expert costs and, thus, requests reimbursement for only miscellaneous case costs incurred by MCT.  As I find the costs incurred by MCT to be reasonable and supported by appropriate documentation, I award Petitioner the full attorneys' costs requested, **$1,049.41.**

## V.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Interim Motion, as follows:

|  | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Attorneys' Fees | $19,635.60 | $2,547.61 | $17,087.99 |
| Litigation Costs | $1,049.41 | $0 | $1,049.41 |
|  |  | Grand Total: | $18,137.40 |

I therefore award a total of **$18,137.40** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's previous counsel of record, Mr. F. John Caldwell, Esq., representing attorneys' fees in the amount of $17,087.99, plus costs in the amount of $1,049.41.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.