# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1378V
Filed: May 21, 2024

* * * * * * * * * * * * * * * * * * * * * * * * * *
JODI FISKE,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner
*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On September 28, 2017, Jodi Fiske ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she developed small fiber neuropathy ("SFN") from the influenza ("flu") vaccine she received on September 29, 2014. *See* Pet. at 1; *see also* ECF No. 104 ("Proffer") at 1.

On November 13, 2023, I issued a Ruling on Entitlement finding that Petitioner was

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

entitled to compensation as she had demonstrated by preponderant evidence that the flu vaccine caused her condition. Ruling on Entitlement at 1, ECF No. 79.

Respondent filed a proffer (ECF No. 100) on May 15, 2024, which was stricken on May 20, 2024 for an error. *See* non-PDF Order Granting Motion to Strike Proffer on 5/20/2024. Respondent filed a corrected proffer on May 21, 2024 (ECF No. 104), agreeing to issue the following payment:

> A lump sum of **$98,589.87**, which amount represents actual and projected pain and suffering ($92,500.00), and past unreimbursed expenses ($6,089.87), in the form of a check payable to Petitioner.
>
> These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt Respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JODI FISKE,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 17-1378 V<br>Special Master Katherine E. Oler<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On September 28, 2017, Jodi Fiske ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 et seq. ("Vaccine Act") alleging that she suffered from small fiber neuropathy caused by her receipt of an influenza vaccination on September 29, 2014.  ECF No. 1.  On August 27, 2018, respondent filed his Rule 4(c) Report recommending against compensation.  ECF No. 23.  On October 20, 2021, an Entitlement Hearing was held before Special Master Oler.  On November 13, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1]  ECF No. 79.  Respondent now files this corrected proffer regarding the amount of compensation to be awarded.[2]

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming Special Master Oler issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of Special Master Oler's November 13, 2023 entitlement decision.

[2] Respondent previously filed a proffer on May 15, 2024, but noticed an error.  This proffer corrects that error.

I.   **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $98,589.87 for all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[3] Of this total amount, $92,500.00 represents an award for actual and projected pain and suffering and $6,089.87 represents an award for past unreimbursed expenses. Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $98,589.87, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

                                             <u>/s/ Katherine Edwards</u>
                                             KATHERINE EDWARDS
                                             Trial Attorney
                                             Torts Branch, Civil Division
                                             U.S. Department of Justice
                                             P.O. Box 146
                                             Benjamin Franklin Station
                                             Washington, D.C. 20044-0146
                                             (202) 742-6374
Dated: May 21, 2024                        Katherine.Edwards2@usdoj.gov