# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1378V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JODI FISKE, | * | |
| | * | |
| Petitioner, | * | Special Master Jennifer A. Shah |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Filed: November 1, 2024 |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Andrew Donald Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
*Katherine Edwards,* United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On September 28, 2017, Jodi Fiske ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that she developed small fiber neuropathy from an influenza vaccine she received on September 29, 2014. *See id.* On November 13, 2023, former Special Master Katherine E. Oler issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 79. On May 21, 2024, the parties filed a proffer, which Special Master Oler adopted in a Decision awarding compensation filed that same day. ECF No. 105.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) ("Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On May 17, 2024, Petitioner filed a final application for attorneys' fees and costs ("Fees App."). ECF No. 102. Petitioner requested a total of $48,309.62, consisting of $46,648.50 in attorneys' fees and $1,661.12 in attorneys' costs. Fees App. at 2. Petitioner confirmed that she personally has not incurred any costs related to the prosecution of her petition. *Id*. Respondent responded to the motion ("Resp't's Resp.") on September 26, 2024, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 106. Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for an award of fees and costs so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of the requested fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Blum*, 465 U.S. at 895 n.11.

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based

2

on that decision.

### A. Reasonable Hourly Rates

Petitioner here requests the following rates of compensation for her attorneys at Downing, Allison & Jorgenson: for Mr. Andrew Downing, $385.00 per hour for work performed in 2021, $415.00 per hour for work performed in 2022, $445.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Ms. Courtney Jorgenson (also billing time as Courtney Van Cott), $275.00 per hour for work performed in 2021, $325.00 per hour for work performed in 2022, $345.00 per hour for work performed in 2023, and $375.00 per hour for work performed in 2024; and for Ms. Ann Allison, $415.00 per hour for work performed in 2023, and $435.00 per hour for work performed in 2024. These rates are consistent with what counsel have previously been awarded, and I find them to be reasonable herein. *See, e.g.*, *Fisher v. Sec'y of Health & Hum. Servs.*, No. 20-855V, 2024 WL 3326050, at *2-3 (Fed. Cl. Spec. Mstr. June 10, 2024); *Byrd v. Sec'y of Health & Hum. Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8¸ 2023).

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable; nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $46,648.50.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,661.12 in attorneys' costs. This amount is comprised of costs for postage, legal research fees, copy charges, acquiring medical records, and the entitlement hearing transcript. Fees App., Ex. A at 5, 20-21. Petitioner has provided adequate documentation supporting all requested costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $46,648.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$46,648.50** |
| | |
| Attorneys' Costs Requested | $1,661.12 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,661.12** |
| | |
| **Total Amount Awarded** | **$48,309.62** |

**Accordingly, I award a lump sum in the amount of $48,309.62 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Andrew D. Downing, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Jennifer A. Shah
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).